690 So.2d 1365 (1997)
Jimmie WILCOX and Ethel Wilcox, Appellants,
v.
Scott Lawrence DULCOM, Cooper Lower Distributors, Inc., and Gator Leasing, Inc., Appellees.
No. 95-2744.
District Court of Appeal of Florida, Third District.
April 2, 1997.
*1366 Friedman & Friedman; Russo & Talisman and Patrice A. Talisman, Coconut Grove, for appellants.
Cooney, Mattson, Lance, Blackburn, Richards & O'Connor and Pamela R. Kittrell, Ft. Lauderdale, for appellees.
Before LEVY, GERSTEN and SHEVIN, JJ.
PER CURIAM.
Jimmie and Ethel Wilcox filed the underlying negligence action which arose out of an accident between Mr. Wilcox's automobile and a commercial truck. The case proceeded to trial where the plaintiffs presented evidence of Mr. Wilcox's injuries and medical expenses. The jury returned a verdict finding Wilcox and the truck driver negligent, apportioning ten percent of the fault to Mr. Wilcox, and ninety percent of the fault to the truck operator and its owners.
After the verdict was rendered, the plaintiffs discovered that one of the jurors had misrepresented or concealed information regarding her past involvement in legal disputes. She disclosed during voir dire examination that she settled her claim arising out of an automobile accident before the case proceeded to trial. However, the juror did not reveal that she had been involved in a collections dispute and a party in a domestic action. The plaintiffs moved for a new trial based on this concealment and on the inadequacy of the damages. The trial court denied the motion and the plaintiffs filed this appeal. We agree that the issue of juror concealment raised by the Appellants warrants a reversal and a new trial.
Reversal is warranted in the context of juror concealment during voir dire if the following three part test is satisfied: "First, the complaining party must establish that the information is relevant and material to jury service in the case. Second, that the juror concealed the information during questioning. Lastly, that the failure to disclose the information was not attributable to the complaining party's lack of diligence." De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla. 1995).
The litigation history of a potential juror is relevant and material to jury service, even if that history involves a different type of case. "A person involved in prior litigation may sympathize with similarly situated litigants or develop a bias against legal proceedings in general." De La Rosa, 659 So.2d at 241 (Fla.1995)(quoting Zequeira v. De La Rosa, 627 So.2d 531, 533 (Fla. 3d DCA 1993)(Baskin, J., dissenting)). Accordingly, the materiality prong of the test was satisfied in the instant case when the juror failed to reveal the fact that she had been involved in a collections dispute and a party in a domestic action.
*1367 The juror concealed her full litigation history from the trial court and the litigants. The trial judge below asked the juror, as she did all the potential jurors, "Have you ever been a claimant or a defendant in any kind of a case?" The juror responded, "I was hit by a student. We settled out of court. It was fine." The juror did not disclose her involvement in the other two matters and, as a consequence, the second prong of the test is satisfied. See Industrial Fire & Casualty Ins. Co. v. Wilson, 537 So.2d 1100 (Fla. 3d DCA 1989).
Lastly, the failure of the juror to disclose her full litigation history cannot be attributed to a lack of diligence on the part of the plaintiffs. The plaintiffs in this case acted according to the incomplete information given by the juror, much like the situation in Industrial Fire, where this court stated:
If Skislak and Industrial Fire had known of Perets's insurance history with Industrial Fire, they would have been in a position to ask further questions relating to Perets's relationship with, and feelings towards, Industrial Fire. However, because of Perets's concealment, they were prevented from considering whether to ask further questions of Perets concerning Industrial Fire or from having Perets excused from the jury panel, either for cause or peremptorily.
Id. at 1103. It was reasonable for the plaintiffs to expect the juror to answer the questions posed by the trial judge truthfully and completely.
For the foregoing reasons, we conclude that the juror's concealment of her litigation history mandates reversal.
In view of the foregoing, we need not reach appellant's argument regarding the claimed inadequacies of the damages.
Reversed and remanded.