SHAHOOD, Judge,
dissecting.
I would affirm the trial cotirt’s denial of appellant’s motion to suppress. 'The facts in this case are in harmony with the facts in State v. Mayes, 666 So.2d 165 (Fla. 2d DCA 1995).
My review of the record leads me to conclude that the affidavit contained sufficient *536 must apply the three part test of De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995):
First, the complaining party must establish that the information is relevant and material to jury service in the case. Second, that the juror concealed the information during questioning. Lastly, that the failure to disclose the information was not attributable to the complaining party’s lack of diligence.
Plaintiffs have failed to satisfy the third prong of the test. They never squarely asked for the concealed information. Cf. Bernal v. Lipp, 580 So.2d 315, 316 (Fla. 3d DCA 1991). The questions Crow answered on the juror questionnaire and during voir dire were directed at whether he or a member of his immediate family had ever been a party to a lawsuit or made a claim for personal injury. Crow responded to the questions asked of him by disclosing his or his family’s experience with litigation or injury claims. Cf. Wilcox v. Dulcom, 690 So.2d 1365 (Fla. 3d DCA 1997). There were no broad questions calling for “experiences ... where lawyers were involved” or any indirect involvement in a lawsuit, such that Crow can be said to have concealed information called for generally. Cf. Castenholz v. Bergmann, 696 So.2d 954, 955 (Fla. 4th DCA 1997). Crow disclosed his relationship with the VNA, an organization that has ongoing relationships with physicians; significantly, the VNA is a potential target of malpractice claims, since they supply home health care to patients. Plaintiffs’ counsel did not follow up with any questions probing whether the VNA had been involved in litigation during Crow’s association with it.
We find no abuse of discretion in the trial court’s finding that appellees satisfied the “good faith” requirement of section 768.79(7)(a), Florida Statutes (1995). See TGI Friday’s, Inc. v. Dvorak, 663 So.2d 606, 613 (Fla.1995); Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993). Although we might have arrived at different numbers than the trial court, we do not find any abuse of discretion in the amounts awarded for fees and costs. See Mathias v. Uniroyal, Inc., 660 So.2d 742 (Fla. 3d DCA 1995).
AFFIRMED.
STONE, C.J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.