PER CURIAM.
The plaintiff/appellant filed a post-trial motion for a new trial, alleging juror misconduct. Specifically, it was alleged that certain jurors had misrepresented their litigation history during voir dire. In support of the plaintiffs contention that jurors had misrepresented their litigation history, thereby entitling him to a new trial, the plaintiff submitted certified copies from the civil index of Dade County. These copies indicated that persons bearing the same names as certain jurors had been involved in prior litigation.
The trial court stated that it would not grant any motion for a new trial before engaging in a juror interview.[1] The trial court seemed to be concerned, at least in part, with defense counsel’s suggestion that absent a juror interview it was unclear whether those persons who had been involved in prior litigation according to the certified copies were the same persons who ultimately served on the jury.[2]
*567 The transcript of the hearing on the plaintiffs post-trial motion for a new trial demonstrates that the plaintiff waived the opportunity for the trial court to conduct a juror interview.[3] On the facts of this ease, such an interview would have been necessary to determine whether any of the alleged juror misconduct had, in fact, occurred. Since the appellant abandoned any right he may have had to a juror interview, the trial court was correct in denying the appellant’s post-trial motion. Accordingly, the Final Judgment entered by the trial court, as well as the trial court’s order denying the motion for a new trial, and the order taxing costs in favor of the defendant, are affirmed.
Affirmed.

. Appellee’s Appendix Vol. Ill, Tab S, page 17.

. Appellee's Appendix Vol. Ill, Tab S, pages 9, 17. Because of the uncertainty whether those persons who had been involved in prior litigation misrepresented that fact and served on the jury, the instant case is factually distinct from De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995). In that case the Supreme Court of Florida approved and adopted the dissent in Zequeira v. De La Rosa, 627 So.2d 531, 533 (Fla. 3d DCA 1993) (Baskin, J., dissenting), which noted that a “juror interview is not a prerequisite to an order granting a new trial”, where the parties did not dispute the juror’s involvement in the prior lawsuits. Id. at n. 2. In the instant case, there was some dispute as to whether the jurors who stated during voir dire that they had not been involved in litigation were the same persons listed in the civil index. A juror interview could have solved this uncertainty.

. At the post-trial hearing, the court stated, "what I want is a hearing. I want everybody to be ready to argue at the hearing whether or not there should be a juiy inquiry.” Plaintiffs counsel disagreed with this suggestion and informed the court that, “[t]here is no reason to have any interview of jurors or have any further proceedings on the jurors.” Plaintiff’s counsel later stated that, ”[w]e are not requesting any jury inquiry. It is our position no jury inquiry and interview of the jurors is required under the case law.” The court subsequently inquired of plaintiff's counsel, "[njow, there is no request for a jury inquiry is there, from the plaintiff?” To this question, plaintiff's counsel responded, “I don’t believe so, your Honor.” Appellee’s Appendix Vol. Ill, Tab S, pages 16-18, 28.