732 So.2d 1143 (1999)
FORD MOTOR COMPANY, Appellant,
v.
Karen D'AMARIO, individually, and on Behalf of Clifford Harris, a minor, and Clifford Harris, individually, Appellees.
Nos. 97-02429, 97-02540.
District Court of Appeal of Florida, Second District.
March 31, 1999.
Rehearing Denied May 27, 1999.
*1144 Wendy F. Lumish and Jeffrey A. Cohen of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Miami, and Ronald E. Cabaniss, of Cabaniss, McDonald, Smith & Wiggins, P.A., Orlando, for Appellant.
Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, and Florin, Roebig, Walker, Huddlestun, Rogers & Brown, P.A., Clearwater, and Wagner, Vaughan & McLaughlin, P.A., Tampa, for Appellees.
WHATLEY, Acting Chief Judge.
Ford Motor Company appeals an order granting Karen D'Amario, individually, and on behalf of Clifford Harris, a minor, and Clifford Harris, individually (appellees), a new trial following a defense verdict. We reverse.
Clifford Harris was a passenger in a 1988 Ford Escort LX driven by his friend, *1145 Stanley Livernois. Livernois was driving without the adult supervision his drivers' license required. He was also speeding and intoxicated when the car collided with a tree. A witness to the crash circled the car twice and noticed a fire in the engine area. Some minutes later, the fire spread and an explosion occurred, engulfing the car in flames. Harris was severely injured, losing three limbs and suffering burns to much of his body. On the facts in this crash-worthiness case, the appellant properly raised an apportionment defense. See Kidron, Inc. v. Carmona, 665 So.2d 289 (Fla. 3d DCA 1995).
The appellees' theory of liability was that a relay switch failed, thus preventing it from disrupting the flow of power to the fuel pump. The appellees presented experts who testified that gasoline continued to be pumped after the impact and caused the fire. The appellant's experts countered that the relay switch and fuel pump properly worked and that the crash caused an oil pan to burst, which resulted in an oil-based fire. The appellant pointed to the slow spreading nature of the fire in support of its theory.
After the jury rendered a verdict in favor of the appellant, the appellees hired an investigator to do a background check on the jurors solely based on the adverse verdict.[1] This investigation was limited to a public records search. We would note that our courts have approved this type of post-verdict investigation without requiring a reasonable suspicion of juror misconduct. See De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995). However, an investigation of this type is limited to matters that are not an invasion of a juror's private affairs. Zequeira v. De La Rosa, 627 So.2d 531, 534 (Fla. 3d DCA 1993) (Baskin, J., dissenting), overruled, 659 So.2d 239 (Fla.1995) (approving and adopting Judge Baskin's dissent). Anything beyond a public records search would appear to be invasive of a juror's private affairs and would invade the sanctity and finality essential to a jury verdict. In State, Department of Transportation v. Rejrat, 540 So.2d 911, 913 (Fla. 2d DCA 1989), this court stated: "There are strong public policies supporting the secrecy and sanctity of the jury's verdict. The jurors' right of privacy should not be lightly disregarded."
In the present case, the appellees asserted that their investigation revealed several alleged instances of juror misconduct. All allegations centered on jurors Glennedda Leslie and Christine Warwick and their alleged failure to disclose information in the juror questionnaires and during voir dire.
In De La Rosa, 659 So.2d 239, the Florida Supreme Court set forth the factors that must be considered in determining whether to grant a new trial based on the nondisclosure of a juror during voir dire:
In determining whether a juror's nondisclosure of information during voir dire warrants a new trial, courts have generally utilized a three-part test. First, the complaining party must establish that the information is relevant and material to jury service in the case. Second, that the juror concealed the information during questioning. Lastly, that the failure to disclose the information was not attributable to the complaining party's lack of diligence.
659 So.2d at 241 (citations omitted).
As to Juror Leslie, the appellees contend that she failed to disclose prior litigation and that she failed to disclose her employer's use of twenty-five Ford vehicles. We conclude that the failure to disclose this information did not meet the test set forth in De La Rosa. As to the prior litigation claim, the applicable question on the juror questionnaire was, "Have you or any member of your immediate family been a party to any lawsuit?" Leslie answered, "No." Her response was truthful. Her husband had been involved in a lawsuit, *1146 but it occurred in 1986 before the Leslies were married. Requiring a potential juror to disclose matters in a juror questionnaire relating to family members before they became family would impose an impractical, if not impossible, standard. In addition, the prior lawsuit was dismissed more than a decade before the trial in this cause. Further, the appellees did not ask a single question on this topic when potential jurors acknowledged prior lawsuits in the questionnaire. Therefore, we conclude that, first, Leslie did not conceal this information and, further, it was not material to the cause being tried.
The appellees also alleged that there was misconduct by Juror Leslie because she failed to disclose that the business for which she worked had a fleet of twenty-five Ford vehicles. Leslie was a vice president of this business. However, she was asked about vehicles she owned and she admitted that she owned a 1993 Ford Bronco, which she liked. Leslie was also asked, "Do you, yourself, get involved in Fords or anything like that?" She said that she did not. We conclude that Leslie did not conceal any information and that her employer's use of Ford vehicles was not material to the issues in this cause.
The allegation against Juror Warwick was that she failed to disclose a prior lawsuit and three workers' compensation claims of her husband. Warwick's reply to the question on the juror questionnaire of "Have you or any member of your immediate family been a party to any lawsuit?" was not answered correctly when Warwick said, "No."[2] However, the prior lawsuit was not material. Mr. Warwick was a plaintiff in a 1985 lawsuit where he sued for $1,000 over a real estate transaction. Further, we would again note that the appellees failed to ask about litigation history when potential jurors acknowledged prior litigation in the questionnaire.
Regarding the three workers' compensation claims, Mr. Warwick is a firefighter and his workers' compensation claims resulted in the following recoveries: 1986$2,527; 1988$1,259; and 1991 $1,083. Juror Warwick was not required to disclose this information. Mr. Warwick filed three workers' compensation claims, but from the record was not a "party to a lawsuit." Further, these matters are not material as they are remote in time, small in amounts, and asserted by one seeking monies, to-wit: one customarily favorable to a plaintiff.
Accordingly, we reverse and remand this cause for entry of an order reinstating the jury verdict. Any matters raised in the appellees' motion for new trial and not specifically addressed in this opinion have been considered and rejected.
Reversed and remanded.
NORTHCUTT and GREEN, JJ., Concur.
NOTES
[1] The appellees' trial counsel asserted in a post-verdict affidavit that unnamed persons told him they had heard laughter from the room in which the jurors were deliberating. This, without more, is not evidence of juror misconduct.
[2] It is not necessary that a juror intended to mislead counsel for an item of nondisclosure to constitute juror misconduct. See Bernal v. Lipp, 580 So.2d 315 (Fla. 3d DCA 1991). However, it is still required that the three prong test of concealment, materiallity, and nondisclosure be met. See De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995); Young v. State, 720 So.2d 1101 (Fla. 1st DCA 1998).