737 So.2d 557 (1999)
Michael CHESTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-2150.
District Court of Appeal of Florida, Third District.
May 19, 1999.
Rehearing Denied June 16, 1999.
Leonard J. Cooperman, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
Michael Chester, the defendant below, appeals from a judgment of conviction for robbery. For the following reasons, we reverse.
*558 The defendant was charged with committing a robbery and a lewd and lascivious assault upon a minor child. Though the jury found the defendant guilty of robbery, it could not reach a verdict on the lewd and lascivious assault charge. After trial, juror Hertz contacted the prosecutor and informed the prosecutor that juror Masi had been sexually abused when she was a child. Juror Masi made her past experience known to the other juror during a train ride home one day from the trial, prior to deliberations. Juror Masi also told the other juror that due to her experience as a child she believed the victim in this case. Juror Masi did not disclose her experience during voir dire, despite being asked whether she had ever been a victim of a crime. The prosecutor commendably brought the juror's misconduct to the trial court's attention. During the post-trial hearing, juror Masi explained that because the offensive touching was committed by a family member, ceased upon her immediate objection, and was not reported to authorities she simply deemed it not a crime.
Juror Masi's subjective understanding that her unfortunate childhood experience was not a crime does nothing to obviate the objective reality that it was. See § 800.04, Fla. Stat. (1997) (stating that any person who handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner commits a felony of the second degree). A juror's false response during voir dire, albeit unintentional, which results in the nondisclosure of material information relevant to jury service in that case justifies a new trial as a matter of law. See De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995) (recognizing that an unintentional false response by a juror during voir dire would be no less prejudicial to the defendant); Redondo v. Jessup, 426 So.2d 1146 (Fla. 3d DCA 1983) (holding that either actively concealed or unintentionally false material information taints the entire proceeding such that the parties are deprived of a fair and impartial trial); Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379 (Fla. 2d DCA 1972).
In this case, Juror Masi's experience as a child, upon her own admission, affected her ability to remain impartial. Juror Masi confessed to her fellow juror that because her mother did not believe her report of the sexual assault she experienced as a child, she, in turn, believed the victim's testimony in this case. The State contends that because the defendant was not convicted of the lewd and lascivious assault charge, juror Masi's lack of impartiality could not have been prejudicial to the defendant. The State ignores the fact that the defendant was not acquitted of the lewd and lascivious assault charge, but that the jury failed to reach a verdict on that issue. Further, the State ignores that juror Masi voted to convict on both charges. Undoubtedly, had juror Masi's material and relevant background information been made known to defense counsel during voir dire, it would have provided a valid basis for a challenge for cause. Article I, section 16, of the Florida Constitution, and the Sixth Amendment of the United States Constitution guarantee the criminally accused the right to a trial by an impartial jury. See Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); Carroll v. State, 139 Fla. 233, 190 So. 437 (1939). Here, juror Masi's empathy for the victim tainted the jury such that the defendant was deprived of a fair and impartial trial.
Reversed.