752 So.2d 730 (2000)
Roger K. LEAVITT, Appellant,
v.
Theresa J. KROGEN, Appellee.
No. 3D98-3233.
District Court of Appeal of Florida, Third District.
March 29, 2000.
*731 Kubicki Draper and Caryn Bellus-Lewis, Miami, for appellant.
Roy D. Wasson; John F. Eversole, Miami, for appellee.
Before JORGENSON, COPE, and FLETCHER, JJ.
JORGENSON, J.
The defendant in a medical malpractice action appeals from the granting of a motion for a new trial based on juror misconduct. The trial court granted a new trial as mandated by Wilcox v. Dulcom, 690 So.2d 1365 (Fla. 3d DCA 1997). For the following reasons, we reverse.
Theresa Krogen alleged that her husband passed away due to Dr. Roger Leavitt's medical negligence in failing to diagnose and treat a life-threatening cardiac condition. During voir dire, the trial judge asked the standard question on whether anyone had "ever been a party to a lawsuit, been sued or sued somebody." Juror Newman did not respond to the question.
The jury returned a verdict in favor of the doctor. Mrs. Krogen moved to interview the jurors claiming that one of the jurors (juror Judith Newman) had been involved in prior litigation which was not disclosed during voir dire. Mrs. Krogen presented evidence that juror Newman and her husband had been plaintiffs in a 1985 lawsuit against the Miami School of Dance.
The trial court granted the motion to interview jurors. During the interview, juror Newman stated that she had heard the question but did not think it applied to her. She recalled that she and her husband had lent money to the Miami School of Dance which it failed to pay back. She testified that she had seen a copy of the complaint prepared for the action but did not know if it had ever been filed. She was never called to testify at any proceeding. She also stated that the experience had no effect on her ability to be fair and impartial in the present matter.
The trial court granted the motion based on Wilcox; however, the judge declared that he thought the first trial was fair. The court believed Wilcox mandated a new trial, but that, absent that mandate, it would not have granted a new trial.
In Wilcox, this Court outlined a three-part test in determining whether a juror's failure to disclose information during voir dire requires a new trial. 690 So.2d at 1366; see also De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995). The complaining party must prove that the information is relevant and material to jury service in the case, the juror concealed the information during questioning, and failure *732 to disclose the information is not attributable to the complaining party's lack of diligence. De La Rosa, 659 So.2d at 241. Applying this test, the Wilcox court held that a new trial was warranted in an automobile negligence case where a juror failed to disclose that she had been involved in a collections dispute and also a domestic action. The court mandated reversal because the juror's concealment of litigation in addition to a collections dispute was material.
The three-prong test was not met here. As the doctor concedes that the diligence prong is met because the trial court asked broad questions about prior litigation experience during voir dire, we need not address it. The second prong is met; juror Newman did not reveal any litigation information during voir dire. The trial judge asked whether any juror had sued someone. Juror Newman did not respond to this question at voir dire. However, she admitted during the post-trial interview that she had seen the complaint but did not know if it had been filed; therefore, she knew that she had or was going to sue someone. Even though the non-disclosure of this information was unintentional, it is considered concealment; she knew she had a collections claim. See Chester v. State, 737 So.2d 557, 558 (Fla. 3d DCA 1999)(any concealment of litigation information, even if unintentional, meets the second prong).
The remaining prong is the concern in this case. The litigation history of a potential juror is relevant and material to jury service even if it involves a different type of case from that being tried. See Wilcox, 690 So.2d at 1366. "A person involved in prior litigation may sympathize with similarly situated litigants or develop a bias against legal proceedings in general." De La Rosa, 659 So.2d at 241 (Fla. 1995) (quoting Zequeira v. De La Rosa, 627 So.2d 531, 533 (Fla. 3d DCA 1993) (Baskin, J., dissenting)). Although a bright-line test for materiality has not been set, several cases have addressed the issue. See e.g., Bernal v. Lipp, 580 So.2d 315, 316 (Fla. 3d DCA 1991) (litigation within the previous year is material); Ford Motor Co. v. D'Amario, 732 So.2d 1143 (Fla. 2d DCA 1999) rev. granted, 743 So.2d 508 (Fla.1999)(litigation that occurred more than a decade previous not material).
In Ford, the juror allegedly concealed three workers' compensation claims and a $1,000 lawsuit over a real estate transaction. 732 So.2d at 1146. The court found that the litigation occurred almost twelve years prior to the suit at issue and, therefore, was remote in time. Additionally, the claims, although for small amounts, were collection claims, ones "customarily favorable to a plaintiff." Id. Thus, a new trial was not warranted.
As in the Ford case, Juror Newman's collection claim was not material, and she was not required to disclose this information. The claim arose more than ten years previously. As all collection disputes are generally favorable to the plaintiff, the outcome of the action was not material to this case. Additionally, juror Newman did not think the questions posed by counsel and the court applied to her. Cf. De La Rosa, 659 So.2d at 241 (juror's involvement in six prior lawsuits made it difficult to believe that he did not think the questions applied to him). She did not even know if a lawsuit had been filed on her claim; she was never called to testify at trial. She simply recalled that she "wanted to do something, and then [was] advised that [she] had no recourse" in collecting the money owed. In addition, she testified that the concealment did not affect her impartiality; she also did not disclose the prior experience to other jurors. Cf. Chester, 737 So.2d at 558 (juror admitted to another juror prior to deliberations that her experience affected her impartiality).
We do not set a bright-line measure for materiality and remoteness. Materiality should be based on the facts and circumstances of each case. The trial *733 court has discretion to grant a new trial under Wilcox; Wilcox does not automatically mandate a new trial here. See also Birch v. Albert, No. 98-416, ___ So.2d ___, 2000 WL 293712 (Fla. 3d DCA March 22, 2000); Tejada v. Roberts, No. 99-1432, ___ So.2d ___, 2000 WL 201200 (Fla. 3d DCA Feb. 23, 2000). The three-prong test should be analyzed on a case-by-case basis. Because the three-part test was not met in this case, the granting of the motion for a new trial was not warranted.
For the above reasons, we reverse and remand this cause for entry of an order reinstating the jury verdict.
REVERSED and REMANDED.