837 So.2d 363 (2002)
STATE FARM FIRE AND CASUALTY COMPANY, Petitioner,
v.
Susan LEVINE, Respondent.
No. SC01-2085.
Supreme Court of Florida.
December 19, 2002.
*364 James K. Clark of Clark, Robb, Mason & Coulombe, Miami, FL, for Petitioner.
Daniel S. Pearson and Christopher N. Bellows of Holland & Knight LLP, Miami, FL, for Respondent.
LEWIS, J.
We have for review State Farm Fire & Casualty Co. v. Levine, 791 So.2d 591 (Fla. 3d DCA 2001), which expressly and directly conflicts with our decision in Roberts v. Tejada, 814 So.2d 334 (Fla.2002). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons stated herein, we quash the district court's decision and remand the case to the district court with instructions that the case be returned to the trial court for further proceedings.

STATEMENT OF THE CASE AND FACTS
Susan Levine filed an action against David R. Fish seeking damages resulting from a 1997 automobile accident in which the car she was driving was struck from behind by a vehicle operated by Fish. Levine joined State Farm to recover underinsured motorist benefits under her insurance policy. Fish admitted liability, leaving the jury to decide only the issue of damages sustained as a result of the event.
The case proceeded to trial, and during voir dire, the trial judge asked if anyone on the jury panel had ever been involved in a "serious car accident." Several of the panel members answered in the affirmative, and proceeded to describe the nature of the accidents in which they had been involved. In response to questioning, juror Dorothy Albury revealed only that she had been a witness in a worker's compensation matter pursued by her boyfriend, but did not disclose any other information.
The case proceeded through trial with Ms. Albury being a member of the jury which ultimately awarded Levine $615,000. After the verdict was returned, State Farm discovered that Albury had been involved in an automobile accident in 1994 in which the vehicle she was operating struck another car, resulting in the death of a passenger inside that automobile. The police report indicated that both Albury and the driver of the other car were intoxicated at the time of the collision.
Fish submitted, and State Farm joined, a motion for new trial on several grounds, including juror nondisclosure. The trial court denied the post-trial motions, and, on appeal, the district court affirmed. A petition for conflict review followed.

ANALYSIS
In De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995), we determined that a party seeking a new trial on the basis of juror nondisclosure must establish that the undisclosed information is (1) relevant and material to jury service in the case; (2) that the juror concealed the information during questioning; and (3) that the failure to disclose the information was not attributable to the complaining party's lack of diligence. See id. at 241. In Tejada v. Roberts, 760 So.2d 960 (Fla. 3d DCA 2000), the Third District held that the diligence prong of the De La Rosa test requires counsel to conduct and complete all venire investigations during trial, not after. See Tejada v. Roberts, 760 So.2d at 966. This Court subsequently quashed the Third District's decision, holding that the requirement that all venire investigations be completed and objections presented before *365 conclusion of a trial would impose too onerous a burden on trial counsel. See Roberts v. Tejada, 814 So.2d 334, 344-45 (Fla. 2002).
In the instant case, neither the trial court nor the district court had the benefit of our decision in Roberts v. Tejada prior to consideration of State Farm's motion for a new trial. Thus, in following then-controlling case law, the district court rejected as untimely State Farm's post-verdict submission of evidence regarding Albury's prior accident. See State Farm Fire & Casualty Co. v. Levine, 791 So.2d at 591. Given this Court's subsequent invalidation of the absolute rule requiring completion of any venire investigations during trial, the district court's decision in the instant case cannot stand as a matter of law. See Roberts v. Tejada, 814 So.2d at 344-45.
Levine now concedes that the district court below erred in its decision, but argues that the trial court did not abuse its discretion in denying State Farm's motion for a new trial. Levine asserts that the trial court reached the correct outcome because State Farm failed to establish that Albury's accident was material to her jury service. In support of this argument, Levine attempts to invoke the "tipsy coachman" doctrine, which permits a reviewing court to affirm a decision from a lower tribunal that reaches the right result for the wrong reasons so long as "there is any basis which would support the judgment in the record." Dade County School Board v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla.1999).
As this Court recently reiterated in Robertson v. State, 829 So.2d 901 (Fla. 2002), the key to applying the tipsy coachman doctrine is that the record before the trial court must support the alternative theory or principle of law. See Robertson v. State, 829 So.2d at 906; see also State Dept. of Revenue ex rel. Rochell v. Morris, 736 So.2d 41, 42 (Fla. 1st DCA 1999). On that basis, the doctrine cannot be applied in this case because the record does not provide an adequate basis for us to reach such materiality conclusion as a pure matter of law. While the trial court did receive some argument pertaining to materiality, that discussion was framed in terms of prejudice to the defendant, which is not a factor in the De La Rosa test.[1]
Moreover, as this Court has recognized, materiality is only shown "where the `omission of the information prevented counsel from making an informed judgmentwhich would in all likelihood have resulted in a peremptory challenge.'" Roberts v. Tejada, 814 So.2d at 340 (quoting Birch v. Albert, 761 So.2d 355, 359 n. 9 (Fla. 3d DCA 2000)).[2] The trial court did not have the benefit of the recent cases *366 from this Court which have outlined the parameters for consideration of the proper issues. See Roberts v. Tejada, 814 So.2d at 340. Neither the trial court nor counsel focused upon how Albury's posture as a potential defendant in her automobile accident would impact the materiality determination in a challenge presented by the defense. See Davis v. Cohen, 816 So.2d 671, 674 (Fla. 3d DCA 2002) (remanding for new trial where juror admitted being a defendant in an auto accident case, but concealed experience as a plaintiff in the same type of case); Garnett v. McClellan, 767 So.2d 1229, 1231 (Fla. 5th DCA 2000) (determining that juror's prior experience as a defendant in an auto accident was immaterial in challenge by defendant).
Given the lack of evidence in the record regarding the materiality of Albury's prior accident on her ability to serve as a juror, and the primary focus being timeliness of the venire investigation, the argument that this Court should uphold the affirmance of the trial court's decision based on the "tipsy coachman" doctrine cannot be sustained. The lack of a developed record on the issue, the confusion regarding prejudice as an element of the De La Rosa test, and the primary focus being upon the time element rather than the substance, all militate in favor of remanding the case to the trial court for further consideration of the proper principles. See Roberts v. Tejada, 814 So.2d at 345 (determining that materiality determinations "should primarily be made at the trial level because materiality is fact intensive, and it is there that the dynamics and context of the trial process can best be evaluated").

CONCLUSION
Based on the foregoing, we quash the decision of the district court and remand the case to the district court with instructions that this case be returned to the trial court for further proceedings consistent with this opinion.
It is so ordered.
ANSTEAD, C.J., and SHAW, WELLS, and QUINCE, JJ., concur.
PARIENTE and CANTERO, JJ., recused.
NOTES
[1] This is analogous to the situation in Roberts v. Tejada, where this Court concluded that the trial court had "struggled with the issue of materiality, but confused the analysis with `prejudice,' which is not part of the De La Rosa test." Roberts v. Tejada, 814 So.2d at 342.
[2] Contrary to State Farm's assertion, the First District's holding in Ellison v. Cribb, 271 So.2d 174 (Fla. 1st DCA 1972), does not stand for the proposition that the failure to answer questions regarding accidents in a personal injury action requires a new trial. It is well-established that there are no bright-line rules with respect to the materiality prong of the De La Rosa test, and that the materiality of concealed information must be determined on a case-by-case basis. See Birch v. Albert, 761 So.2d 355, 359 (Fla. 3d DCA 2000). Ellison did not recede from that rule of law, but simply holds that, based on the facts of that case, a juror's concealment of his daughter's death in an automobile accident was material to his service in an action stemming from a traffic accident. See Ellison, 271 So.2d at 177.