875 So.2d 663 (2004)
STATE FARM FIRE AND CASUALTY COMPANY, Appellant,
v.
Susan LEVINE, Appellee.
No. 3D03-1599.
District Court of Appeal of Florida, Third District.
April 14, 2004.
Rehearing Denied June 16, 2004.
*664 Clark Robb Mason Coulombe Buschman & Cacere, and James K. Clark, for appellant.
Holland & Knight, and Rodolfo Sorondo, Jr., and Christopher N. Bellows, Miami, for appellee.
Before LEVY and RAMIREZ, JJ., and HARRIS, CHARLES M., Senior Judge.
RAMIREZ, J.
State Farm Fire and Casualty Insurance Company appeals the trial court's order denying State Farm's motion for new trial and the trial court's order taxing costs in favor of Susan Levine, the plaintiff at trial. State Farm contends that the trial court erred in denying its motion for new trial and in not allowing its jury consultant to testify at trial. Because we find that the record was insufficient to grant a new trial and that the jury consultant's testimony was irrelevant, we affirm the trial court's rulings.
After a jury had awarded Levine $615,000 in damages for an automobile accident, State Farm discovered that one of the jurors may have been involved in a fatal automobile accident six years earlier. State Farm alleged that the juror had not disclosed this accident, even though the *665 trial judge had asked the jury panel whether anyone had ever been involved in a "serious car accident."
The tortfeasor, David R. Fish, joined by State Farm, moved for a new trial, which was denied by the trial court. On appeal, this court affirmed on the basis of Tejada v. Roberts, 760 So.2d 960 (Fla. 3d DCA 2000) (holding that State Farm did not exercise due diligence in investigating juror nondisclosure). See State Farm Fire & Cas. Co. v. Levine, 791 So.2d 591 (Fla. 3d DCA 2001). The case was then appealed to the Florida Supreme Court.
While this case was pending before the Florida Supreme Court, the Florida Supreme Court reversed this Court's decision in Tejada. See Roberts v. Tejada, 814 So.2d 334 (Fla.2002). Thereafter, in State Farm Fire & Cas. Co. v. Levine, 837 So.2d 363 (Fla.2002), the Florida Supreme Court reversed the Third District's decision and remanded the case to the Third District, with instructions that the case be returned to the trial court for further proceedings consistent with the Florida Supreme Court's opinion.
In De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995), the Florida Supreme Court had determined that a party seeking a new trial on the basis of juror nondisclosure must establish that the undisclosed information is (1) relevant and material to jury service in the case; (2) that the juror concealed the information during questioning; and (3) that the failure to disclose the information was not attributable to the complaining party's lack of diligence. Id. at 241. In Tejada v. Roberts, 760 So.2d 960 (Fla. 3d DCA 2000), we held that the diligence prong of the De La Rosa test required counsel to conduct and complete all venire investigations during trial, not after. Id. at 966. In quashing our decision, the Florida Supreme Court stated that the requirement that all venire investigations be completed and objections presented before conclusion of a trial would impose too onerous a burden on trial counsel. See Roberts v. Tejada, 814 So.2d 334, 344-45 (Fla.2002).
In our case, we rejected as untimely State Farm's post-verdict motion. See State Farm Fire & Cas. Co., 791 So.2d at 591. Given the Florida Supreme Court's subsequent invalidation of the absolute rule requiring completion of any venire investigations during trial, our decision in this case could not stand as a matter of law. See State Farm Fire & Cas. Co., 837 So.2d at 364-65. Thus, of the three-prong test enunciated in De La Rosa, only the third one was resolved by the Florida Supreme Court, i.e., the lack of diligence by the defendants. In fact, the Florida Supreme Court explicitly refused to decide the first prong-materiality-and instead remanded the case for a determination of this issue. See State Farm Fire & Cas. Co., 837 So.2d at 365-66. The Court noted that materiality could only be shown "where the `omission of the information prevented counsel from making an informed judgmentwhich would in all likelihood have resulted in a peremptory challenge.'" Roberts v. Tejada, 814 So.2d at 340 (quoting from De La Rosa v. Zequeira, 659 So.2d 239, 242 (Fla.1995)).
On remand, State Farm did not interview the juror in question. Instead, State Farm submitted its trial counsel's proffer that he would have exercised a peremptory challenge as to the juror. State Farm also proffered the accident report. These same points were previously argued to the Florida Supreme Court. Like the Florida Supreme Court, the trial court on remand found that State Farm's proffer was insufficient to establish materiality. Accordingly, the trial court denied State Farm's motion for new trial.
*666 State Farm now appeals and contends that the trial court erred in denying the new trial motion because it was clear that the juror's non-disclosure was material. State Farm also contends that the trial court erred in sustaining Levine's objection to State Farm's jury consultant's testimony because the jury consultant's testimony was relevant and material. We disagree with State Farm on both issues.
The standard of review for a motion for new trial based on a juror's alleged non-disclosure during voir dire is abuse of discretion. See Leavitt v. Krogen, 752 So.2d 730 (Fla. 3d DCA 2000). Furthermore, as the Florida Supreme Court held in De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995), the party attacking the verdict must meet the three-part test before a new trial is granted for juror nondisclosure during voir dire. The first prong is whether the information is relevant and material to jury service in the case. Id. at 241.
It was State Farm's burden to prove materiality. After hearing what State Farm had to proffer on remand from the Florida Supreme Court, the trial court came to the same conclusion as the Florida Supreme Court did, and as we do now, that State Farm failed to prove the materiality of the alleged juror misconduct by juror Albury. When asked by the trial court if State Farm was going to interview the juror pursuant to the Florida Supreme Court's mandate, State Farm stated it was not going to interview the juror. This left many unanswered questions such as whether the juror was in fact the same person who had been involved in the accident. Although during the prior appeals Levine had stipulated that the juror was the same, it was clear that Levine was not willing to agree, after remand, that the juror was the same person. Therefore, we believe the record in this case leaves no doubt that due to State Farm's failure to develop the record by not questioning the juror, the trial court was not able to address the materiality prong of the De La Rosa test.
Without the information that would have been elicited from interviewing the juror, State Farm could not show that it would have been likely to strike her. See Lonschein v. Mount Sinai of Greater Miami, Inc., 717 So.2d 566, 566-67, n. 2 (Fla. 3d DCA 1998). This case was remanded by the Florida Supreme Court to the trial court for application of the first prong of the De La Rosa, in other words, to determine whether the juror's nondisclosure of information during voir dire warranted a new trial. State Farm failed to meet its burden here. Accordingly, the trial court did not abuse its discretion in denying State Farm's motion for new trial with respect to this issue.
In addition, we agree with Levine that the trial court properly sustained Levine's objection to the jury consultant. The record reveals that State Farm did not have a jury consultant at trial. State Farm's attorney agreed that the consultant's opinion was irrelevant because the jury consultant was not present during jury selection. Furthermore, the jury consultant testified that her opinions were speculative because no one questioned the juror. Consequently, the trial court correctly excluded the jury consultant's opinions. See Rodriguez v. Pino, 634 So.2d 681, 686 (Fla. 3d DCA 1994).
In sum, State Farm failed to develop the record below on juror Albury or the accident, as the Florida Supreme Court mandated in State Farm Fire & Cas. Co. v. Levine, 837 So.2d 363 (Fla.2002). Consequently, the record was insufficient to grant a new trial. In addition, the jury consultant's testimony was properly excluded because it was irrelevant. For *667 these reasons, we affirm the trial court's order denying State Farm's motion for new trial.
Affirmed.