980 So.2d 1238 (2008)
Dennis J. EGITTO, M.D., Appellant,
v.
Holly WITTMAN, and John Wittman, her husband, Appellees.
No. 4D07-3260.
District Court of Appeal of Florida, Fourth District.
May 7, 2008.
*1239 Roberta G. Mandel of Stephens, Lynn, Klein, Lacava, Hoffman & Puya, P.A., Miami, for appellant.
Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach, and Samuel M. Yaffa of Samuel M. Yaffa, P.A., Delray Beach, for appellees.
DAMOORGIAN, J.
Defendant, Dennis Egitto, M.D., petitioned this Court for a writ of certiorari, which we treat as a non-final appeal of the trial court's order granting Plaintiffs', Holly and John Wittman, Amended Motion to Permit Juror Interview. See Travent, Ltd. v. Schecter, 678 So.2d 1345 (Fla. 4th DCA 1996); see also Ray Cooke Enters., Inc. v. Parsons, 627 So.2d 1267 (Fla. 4th DCA 1993). Because the Wittmans failed to establish that they would be entitled to a new trial based on allegations set forth in their motion, we reverse the trial court's order granting a post-trial juror interview. Baptist Hosp. of Miami, Inc. v. Maler, 579 So.2d 97, 99 (Fla.1991).
By way of background, the underlying action was a medical negligence suit in which the jury found in favor of Dr. Egitto. The Wittmans sought a post-trial interview of jury foreman Salvatore D'Amico on several issues including whether D'Amico concealed information pertaining to Questions 8 and 9[1] contained in a juror questionnaire form. During voir dire, D'Amico provided that his company had been involved in litigation which he felt was frivolous, but denied having any close relatives involved in lawsuits. D'Amico also volunteered that his brother was a physician.
In an attempt to establish the legal basis for conducting an interview, the Wittmans provided several documents showing that D'Amico previously resided at the same address as a Raquel D'Amico, who filed for bankruptcy in 2000. The implication being that D'Amico concealed information regarding a relative's involvement with a legal proceeding. See Singletary v. Lewis, *1240 584 So.2d 634, 636 (Fla. 1st DCA 1991) (party seeking juror interview must establish a legal basis for the inquiry). They also provided an affidavit asserting that D'Amico failed to disclose that his father was a physician. See id.
We review the order granting the Wittmans' amended motion to conduct a juror interview for an abuse of discretion. See Judson v. Nicson Eng'g Co., 478 So.2d 1188 (Fla. 4th DCA 1985).
A post-trial juror interview is never permissible unless the moving party has made sworn factual allegations that, if true, would require a trial court to order a new trial. Baptist Hosp., 579 So.2d at 100. In determining whether a juror's non-disclosure during voir dire warrants a new trial, the moving party must establish that: (1) the undisclosed information was relevant and material to jury service; (2) the juror concealed the information during questioning, and (3) the concealment was not due to a lack of the moving party's diligence. De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995).
As to whether D'Amico concealed a relative's involvement with litigation, the Wittmans allege that public records revealed that an individual with D'Amico's last name and previous address filed bankruptcy in 2000. Although all litigation history is relevant, it is not per se material. See Roberts ex rel. Estate of Roberts v. Tejada, 814 So.2d 334 (Fla.2002). "[M]ateriality must be based on the facts and circumstances of each case. Non-disclosure is considered material if it is substantial and important so that if the facts were known, [a party] may have been influenced to peremptorily challenge the juror from the jury." Id. at 341 (quoting Garnett v. McClellan, 767 So.2d 1229, 1230 (Fla. 5th DCA 2000) (citations omitted)).
First, D'Amico disclosed that he had been involved with several litigation matters. The Wittmans' counsel was given the opportunity to, and did, question D'Amico about those cases. Therefore, the Wittmans were made aware of D'Amico's attitudes toward the judicial system. Moreover, assuming that Salvatore D'Amico and Raquel D'Amico were related, and that she was the subject of a bankruptcy proceeding in 2000, a near decade old bankruptcy of a person related to the juror is sufficiently disparate from a medical malpractice action so as to not require a new trial under Baptist Hospital. See Roberts, 814 So.2d at 341; see also Ford Motor Co. v. D'Amario, 732 So.2d 1143 (Fla. 2d DCA 1999) (quashed on other grounds).
Finally, the Wittmans alleged that D'Amico concealed material information by failing to disclose that his father is a physician. However, D'Amico was never directly asked whether he had any relatives who were doctors. As such, this information was not concealed. Also, the fact that D'Amico may have had more than one doctor in his family is immaterial because the Wittmans already knew that his brother was a doctor.
Based upon the record before us, the Wittmans would not be entitled to a new trial and, therefore, the order granting the post trial juror interview of D'Amico is reversed. See. Baptist Hosp., 579 So.2d at 99-100.
Reversed.
SHAHOOD, C.J., and HAZOURI, J., concur.
NOTES
[1] In granting the motion for the interview, the trial court limited the inquiry to the subjects raised in Questions 8 and 9 of the juror questionnaire:

Question 8: "Have you ever been involved in a lawsuit? (about anything  injury, property, money, family, crime, etc.)"
Question 9: "Any close relatives or close friends ever involved in a lawsuit?"