RAMIREZ, C.J.
 

 Leisa Parra petitions this Court for a Writ of Certiorari, requesting that we quash the trial court’s Order of September 8, 2010, which granted the respondents’ post-verdict motion for jury interviews. This motion argued that every single juror, including the alternate, had concealed litigation history during voir dire. Because we find that the trial court abused its discretion and departed from the essential requirements of law, we grant certiora-ri and quash the order.
 

 Respondents, Bartolo Cruz and Janitza Lopez, brought the underlying automobile negligence action against petitioner, Leisa Parra. Parra admitted liability and the jury—having found that the respondents suffered no permanent injury—awarded limited damages. The respondents then filed a motion for a new trial, claiming that the jurors had concealed litigation history. Along with the motion for a new trial, the respondents filed a motion for juror interviews. Respondents claimed that every juror had in some way concealed all manner of prior litigation relating to the individual juror or that juror’s family. Petitioner filed a response in opposition. The trial court conducted a brief hearing and subsequently granted the motion for juror interviews. The court deferred ruling on the motion for a new trial until after the juror interviews were completed. This petition for certiorari follows.
 

 Although there are rare instances in which post-trial juror interviews are allowed, the general policy is that they are disfavored.
 
 See Schmitz v. S.A.B.T.C. Townhouse Ass’n.,
 
 537 So.2d 130, 131 (Fla. 5th DCA 1988) (holding that interviews should rarely be granted);
 
 see also Harbour Island Sec. Co., v. Doe,
 
 652 So.2d
 
 *213
 
 1198, 1199 (Fla. 2d DCA 1995) (quashing order allowing juror interview and reiterating belief that there is “strong public policy against juror interviews”). Additionally, a post-trial juror interview “is never permissible unless the moving party has made sworn factual allegations that, if true, would require a trial court to order a new trial.”
 
 Baptist Hosp. of Miami, Inc. v. Moler, 579
 
 So.2d 97, 100 (Fla.1991);
 
 see also Egitto v. Wittman,
 
 980 So.2d 1238, 1240 (Fla. 4th DCA 2008). In
 
 De La Rosa v. Zequeira,
 
 659 So.2d 239 (Fla.1995), the Florida Supreme Court established a three part test to determine whether a juror’s nondisclosure warrants a new trial. “First, the complaining party must establish that the information is relevant and material to jury service in the case. Second, that the juror concealed the information during questioning. Lastly, that the failure to disclose the information was not attributable to the complaining party’s lack of diligence.”
 
 Id.
 
 at 241.
 

 In the instant case, the respondents seek a new trial because of the “non-disclosure by all of the jurors of potentially relevant litigation history involving themselves and family members.” Respondents cite to this Court’s holding in
 
 Wilcox v. Dulcom,
 
 690 So.2d 1365, 1366 (Fla. 3d DCA 1997), for the proposition that “[t]he litigation history of a potential juror is relevant and material to jury service, even if that history involves a different type of case.” However, this Court later recognized in
 
 Birch ex rel. Birch v. Albert,
 
 761 So.2d 355, 358 (Fla. 3d DCA 2000), that under the materiality prong of the three-part analysis, the question “is not simply whether information is relevant and material in general, but whether ‘it is relevant and material to jury service
 
 in the case.’
 
 ”
 
 Id.
 
 at 358. This Court further held that “[mjateriality must be analyzed on a case-by-case basis, and [ ] that Wilcox does not mandate an automatic new trial whenever there has been a nondisclosure of litigation information.”
 
 Id.
 
 at 359.
 

 Respondents are unable to show how the prior litigation history of these jurors is material to the present action. They claimed that every juror had concealed all types of prior litigation relating to himself or herself and family members, including divorce actions, paternity actions, contract indebtedness actions, eviction proceedings, probate proceedings and criminal matters. The respondents rely on the misplaced notion that any prior litigation history coming to light after trial is grounds for a new trial. This is an untenable position.
 

 We find that the order in question would allow for indiscriminate jury interviews based on wholly unrelated and immaterial matters to the current litigation. Moreover, the information allegedly concealed was never squarely asked for by respondents’ counsel. Thus, there was a lack of diligence and no concealment under
 
 De La Rosa.
 
 Accordingly, we grant the petition for writ of certiorari and quash the order under review.