537 So.2d 130 (1988)
Walter SCHMITZ, et al., Petitioners,
v.
S.A.B.T.C. TOWNHOUSE ASSOCIATION, INC., etc., Respondent.
No. 88-1521.
District Court of Appeal of Florida, Fifth District.
December 22, 1988.
Rehearing Denied January 24, 1989.
*131 Frederick R. Brock of Gartner, Phillips, Brock & Simon, Jacksonville, for petitioners.
B. Thomas Whitefield of Ulmer, Murchison, Ashby & Taylor, Jacksonville, for respondent.
DAUKSCH, Judge.
Petitioners seek this court's writ of certiorari to quash the order below permitting the post-trial interview of a juror. We issue the writ and quash the order.
A person who knows one of the jurors told an attorney involved in the lawsuit that the juror told him that the said juror felt pressured into reaching a quick decision in the case. He said the juror told him that a court bailiff said the judge was going on vacation so the jury should reach a verdict by the next day.
We cannot agree that the allegations of misconduct are sufficient to warrant the extraordinary and intrusive procedure of questioning of a juror. Orange County v. Fuller, 502 So.2d 1364 (Fla. 5th DCA 1987). There is no substantial allegation that any juror was led to a verdict because of some misconduct or was improperly influenced in reaching a verdict. The jury took three and one-half hours to consider its verdict and rendered it long before the judge was supposedly going out of town. A jury poll was conducted and no hint of any irregularity came out until over three weeks after the trial.
Post-trial juror interviews should be rarely granted and the sanctity of the jury process as well as the privacy rights of the jurors themselves should be closely guarded and protected. See Sentinel Star Co. v. Edwards, 387 So.2d 367, 374 (Fla. 5th DCA 1980), pet. for rev. denied, 399 So.2d 1145 (Fla. 1981); National Indemnity Co. v. Andrews, 354 So.2d 454, 456 (Fla. 2d DCA), cert. denied, 359 So.2d 1210 (Fla. 1978); Velsor v. Allstate Insurance Co., 329 So.2d 391, 393 (Fla. 2d DCA), cert. dismissed, 336 So.2d 1179 (Fla. 1976).
The order permitting a jury interview is quashed.
WRIT ISSUED, ORDER QUASHED.
COWART, J., concurs.
DANIEL, J., dissents with opinion.
DANIEL, Judge, dissenting.
I respectfully dissent.
Petitioners seek to prevent a limited interview of jurors on the question of whether they were "rushed" to a verdict by a bailiff improperly instructing the jury that they "had to decide the case before Saturday because the judge was going out of town." The factual situation presented at trial was somewhat complicated and the matter was submitted to the jury at 1:15 p.m. on Friday. The jury returned a verdict at 4:45 p.m. the same day.
It is virtually impossible for this court, or the trial court, to say whether the jury felt unduly rushed by an instruction from someone other than the trial judge in arriving at its verdict in the absence of an interview of the jurors as requested by the respondent.
The motion for interview was filed pursuant to Florida Rule of Civil Procedure 1.431(g). While it was filed beyond the ten day limit provided for in the rule, the motion *132 alleged what appears to be good cause for exceeding the deadline by setting forth that it was filed on the day the alleged impropriety was discovered.
A litigant seeking a jury interview is not required to, in his initial motion, conclusively establish the alleged prejudicial conduct. Rather, he must establish only a reasonable basis for such inquiry. The respondent met that test and the trial court acted within its discretion in granting the motion for interview. I would deny the petition for common law certiorari.