PER CURIAM.
Appellant, Jethro Davis, was convicted of burglary of a dwelling, stalking and petit theft and sentenced as a habitual felony offender and a prison releasee reof-fender. On appeal he raises two sentencing issues on which we affirm without discussion. Appellant also argues that the trial court abused its discretion in denying him a new trial where prejudicial juror misconduct occurred.
During voir dire one of the jurors, Oscar Cardona, identified himself as a nurse at the North Broward Detention Center where appellant was housed pending his trial. Cardona did not in any way acknowledge that he knew appellant. When he was returned to the detention center after being found guilty, appellant saw Cardona again and realized that Cardona was the nurse he had an altercation with several days before the trial started. Appellant immediately filed a motion for a new trial alleging these facts and also that Cardona had access to the sheriffs computer and appellant’s past criminal history.
A hearing was held at which appellant testified that he and Cardona argued about appellant having a physical when appellant just wanted a doctor to look at his neck. Cardona came back to him the next day and asked him again to have a physical and that is when they had an altercation. Appellant was then put in lock-down. In response the state incorrectly argued that the altercation occurred after the trial. The trial court, without conducting a juror interview, denied the motion without comment.
In De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995), the supreme court stated the three-prong test to be applied in cases of juror nondisclosure. It held:
In determining whether a juror’s nondisclosure of information during voir dire warrants a new trial, courts have generally utilized a three-part test. First, the complaining party must establish that the information is relevant and material to jury service in the case. Second, that the juror concealed the information during questioning. Lastly, that the failure to disclose the information was not attributable to the complaining party’s lack of diligence.
Id. at 242 (citations omitted).
We remand this case for an evidentiary hearing with juror interview(s) to determine if the test set forth in Zeqmira is satisfied. We find that the trial court was premature in its determination without conducting a juror interview. See, e.g., Forbes v. State, 753 So.2d 709 (Fla. 1st DCA 2000). If the conditions of the test are met, the trial court must grant the appellant a new trial.
REVERSED and REMANDED for further proceedings consistent with this opinion.
STEVENSON, GROSS and HAZOURI, JJ., concur.