FARMER, C.J.
We address only the issue concerning the denial of a post-trial interview of a juror. During jury selection the juror in question effectually answered the Judge’s question that he did not know defendant or any members of his family. After the trial was over, defendant learned from his brother that the juror did in fact know him. Defendant’s motion sought a new trial under rule 3.600 on account of juror misconduct.
Under Florida Rule of Criminal Procedure 3.600(b)(4), a juror’s breach of duty to disclose information relating to service in a particular ease constitutes misconduct entitling the defendant to a new trial when prejudice is established. See, e.g., Marshall v. State, 664 So.2d 302, 304 (Fla. 3d DCA 1995). In deciding whether a juror’s non-disclosure during voir dire warrants a new trial, the court held:
“First, the complaining party must establish that the information is relevant and material to jury service in the case. Second, that the juror concealed the information during questioning. Lastly, that the failure to disclose the information was not attributable to the complaining party’s lack of diligence.” [c.o.]
De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995); accord Davis v. State, 778 So.2d 1096, 1097 (Fla. 4th DCA 2001). Moreover, “a juror’s non-disclosure need not be intentional to constitute concealment.” Roberts v. Tejada, 814 So.2d 334, 343 (Fla.2002).
Here, the trial judge asked all the jurors whether any of them knew defendant or his family. The question is not reasonably susceptible to mistake or misinterpretation. Non-disclosure of this kind of relevant and material information is reasonably capable of affecting a decision to exercise peremptory challenges even if the juror is not disqualified for cause. And as defendant notes, the juror’s failure to disclose his knowledge of defendant’s brother was reasonably material to the exercise of a peremptory or cause challenge against Johnson. In Tejada, the court found that counsel exercised “due diligence” in not questioning jurors further on a subject, but instead relying on truthful responses and full disclosure to proffered questions by the trial court on the material subjects at issue. 814 So.2d at 343-44.
*734 The trial court’s denial of a new trial was error without conducting a juror interview. At this point, therefore, we reverse only the order denying the motion for a new trial and remand for an evidentiary hearing, including an interview of the juror. See Davis, 778 So.2d at 1097. If defendant satisfies the requirements of De La Rosa and Davis, the trial court shall grant defendant a new trial. We leave that decision in the first instance to the trial court.
SHAHOOD and TAYLOR, JJ., concur.