980 So.2d 596 (2008)
Lila STERLING, Appellant,
v.
David FELDBAUM, M.D., Appellee.
No. 4D07-2803.
District Court of Appeal of Florida, Fourth District.
April 30, 2008.
*597 Glen L. Goldberg of Goldberg & Rosen, P.A., Miami, for appellant.
L. Elijah Stiers of McGrane, Nosich & Ganz, P.A., Coral Gables, for appellee.
TAYLOR, J.
Lila Sterling appeals the trial court's order denying her motion for juror interviews and motion for new trial. We affirm the portion of the order denying appellant's motion for new trial, which was based upon her contention that the trial court failed to present juror questions to her expert witness. The trial court did not abuse its discretion in denying the motion because there was no evidence that the jurors actually formulated any questions for the witness and the trial judge gave appellant the opportunity to re-call the witness for further questioning. We reverse, however, that portion of the order *598 denying appellant's motion for juror interviews, because appellant demonstrated reasonable grounds to believe that three jurors failed to disclose their prior litigation history during voir dire.
Lila Sterling sued Dr. David Feldbaum for medical negligence, alleging that Dr. Feldbaum negligently performed vascular-surgical procedures, which resulted in damages, including amputation of appellant's left leg. The jury rendered a verdict in favor of Dr. Feldbaum. During voir dire, the trial court provided the prospective jurors with a standard questionnaire, which among other things, asked the jurors to disclose their prior litigation experience. Question No. 11 asked:
11. Do you or any member of your immediate family have any legal matters pending before any court? Any matters in the past?
The court instructed each prospective juror to respond aloud to the questions on the questionnaire during voir dire. When Darren O'Neal answered Question No. 11, he stated, "No member of mymaybe my brother. I think my brother got into trouble in Maryland one time, but I can't remember the details on that case. That was a while back so. I don't know anybody. . . ." Samia Sheppard and Philip Costello simply answered the question in the negative.
Later, plaintiff's counsel asked, "Has anyone everI know we discussed this generally, but has anyone else made a claim or had a claim made against them involving a civil lawsuit?" O'Neal answered that he had been in an accident and that the resulting civil case had been settled out of court. Neither Sheppard nor Costello responded. When directly questioned about whether she had ever been party to a lawsuit, Sheppard again said that she had not. Jurors Sheppard, O'Neal, and Costello were chosen to serve on the jury.
After a final judgment on the verdict for the defendant was entered, appellant filed a Motion to Interview Jurors and Motion for New Trial Based upon Juror Misconduct and Other Issues. In the motion, appellant alleged that Philip Costello, Samia Sheppard, and Darren O'Neal failed to disclose their prior litigation history in response to the court's juror questionnaire and counsel's questions during voir dire. Specifically, appellant alleged that Juror Costello failed to report his involvement in civil actions in January, April, and July of 1992 and possibly a personal injury lawsuit in September 2000; that Juror Sheppard had a federal tax lien filed against her in 2004; and that Juror O'Neal had a civil collection judgment in 2002. To support these allegations, appellant's counsel filed an affidavit regarding the results of an investigation into the litigation history of these jurors. At the hearing on her motion, appellant provided the court with Westlaw printouts and information from the Broward County Court Clerk's website about the three jurors.
The trial court denied appellant's motion for juror interviews, noting that it was "not sufficiently satisfied from the research" produced by appellant that the jurors she wanted to interview were the same individuals named in the Westlaw and public records research. The court further found that the information appellant produced regarding these jurors' prior lawsuits was too remote in time and substance to be material.
The standard of review for an order on a motion for juror interviews is abuse of discretion. Marshall v. State, 976 So.2d 1071 (Fla.2007). Florida Rule of Civil Procedure 1.431(h) states

*599 A party who believes that grounds for legal challenge to a verdict exist may move for an order permitting an interview of a juror or jurors to determine whether the verdict is subject to the challenge . . . If the interview is permitted, the court may prescribe the place, manner, conditions, and scope of the interview.
Post-trial juror interviews should be "rarely granted and the sanctity of the jury process as well as the privacy rights of the jurors themselves should be closely guarded and protected." Schmitz v. S.A.B.T.C. Townhouse Ass'n., 537 So.2d 130, 131 (Fla. 5th DCA 1988). However, "[w]here there are reasonable grounds to believe concealment of a material fact has taken place, a party is entitled to conduct a jury interview." Singletary v. Lewis, 584 So.2d 634, 636 (Fla. 1st DCA 1991). Allegations in the motion for interview cannot be "bottomed on mere conclusory statements based on speculation and surmise that, if interrogated, the jurors might have something to say that would be material to whether or not the court should award a new trial." Albertson's, Inc. v. Johnson, 442 So.2d 371, 372 (Fla. 2d DCA 1983). If the concealment by a juror occurred during voir dire questioning about the juror's prior experiences with litigation, the identity of the juror as a litigant in a prior legal proceeding must be shown. Beyel Bros., Inc. v. Lemenze, 720 So.2d 556, 557 (Fla. 4th DCA 1998).
Westlaw and Broward docket search results may provide reasonable grounds to believe that juror misconduct has occurred. See Roberts v. Tejada, 814 So.2d 334, 336-37 (Fla.2002) (noting that the trial court granted a request to interview jurors upon information gathered from the Miami-Dade official public records index, jury pool information on names, addresses, driver's licenses, and birthdates, and an "Autotrak" computerized background check). Here, where the information submitted by appellant was sufficient to show reasonable grounds that the jurors identified in the motion concealed material information during voir dire, the trial court should have granted appellant's request to interview them. Then, depending upon the outcome of the juror interviews and appellant's ability to establish that a juror's nondisclosure of prior litigation history during voir dire is relevant and material to jury service in this case, and not attributable to appellant's lack of diligence, the court could determine whether appellant is entitled to a new trial. See De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995); Roberts, 814 So.2d at 339-40.
For the reasons stated above, we affirm the trial court's denial of the appellant's motion for new trial but reverse denial of appellant's motion for juror interviews and remand for the trial court to conduct the requested interviews.
Reversed and Remanded in part; Affirmed in part.
KLEIN and STEVENSON, JJ., concur.