GROSS, J.
We write to address the claim that the plaintiffs below were entitled to interview the jurors after trial to demonstrate that juror nondisclosure of information justified a new trial. We affirm and hold that the plaintiffs were not entitled to the interviews because the jurors’ failure to disclose the information, if any, were attributable to the plaintiffs’ lack of diligence in uncovering the information during voir dire.
The case below was a wrongful death action filed by Janet and Douglas Rodgers against After School Programs, Inc., which operated an after school care program at an elementary school. The Rodgers claimed that the defendant was negligent in its failure to properly handle their son’s complaint of a headache.
Through questionnaires, potential jurors were asked about their prior experiences in court proceedings, but the form generally provided no guidance as to what type of information was being requested. This inquiry elicited responses from four jurors who were ultimately empanelled. Juror # 4 revealed that she had previously been an alternate juror, but otherwise had no in-court experience, except as a witness in a criminal case. Juror # 9, a “strong believer” in the jury system, indicated that he had been to court on a traffic matter. Plaintiffs’ attorney later followed up with juror # 9 as follows:
Q: You had indicated before that you had been in court before. Was that in a civil matter?
A: No. Traffic.
Jurors # 8 and # 16 stated that they had never been in court before. The only follow-up question posed by plaintiffs’ counsel was a general one asked to the entire prospective panel: “Has anyone here been — this is a little different area — been sued in a civil case, for breach of contract or promissory note.” The question generated no response from the four jurors listed above.
After a defense verdict, the Rodgers moved, inter alia, for leave to interview jurors #4, #8, #9, and # 16 on the ground that they had concealed prior involvement with the court system during voir dire. As grounds, the motion alleged that (1) juror # 9 had failed to disclose that he had been convicted of two misdemeanors over 10 years before and that he was a plaintiff in a county court case which was dismissed for lack of prosecution; (2) juror # 4, a woman with a common name, had been involved in five civil cases, and at the time of the trial, was a defendant in two mortgage foreclosures; (3) juror # 8 had failed to reveal that she was a plaintiff in a civil case, was a trustee in a probate proceeding, and had a traffic infraction in 2009; and (4) juror # 16 had been a defendant in an indebtedness case.
The circuit court denied the motion to interview the jurors.
In Sterling v. Feldbaum, 980 So.2d 596, 598-99 (Fla. 4th DCA 2008), we summarized the law on requests for post-trial juror interviews:
The standard of review for an order on a motion for juror interviews is abuse of discretion. Marshall v. State, 976 So.2d 1071 (Fla.2007). Florida Rule of Civil Procedure 1.431(h) states
A party who believes that grounds for legal challenge to a verdict exist may move for an order permitting an interview of a juror or jurors to determine whether the verdict is subject to the challenge ... If the interview is permitted, the court may prescribe the *45 place, manner, conditions, and scope of the interview.
Post-trial juror interviews should be “rarely granted and the sanctity of the jury process as well as the privacy rights of the jurors themselves should be closely guarded and protected.” Schmitz v. S.A.B.T.C. Townhouse Ass’n, 537 So.2d 130, 131 (Fla. 5th DCA 1988). However, “[wjhere there are reasonable grounds to believe concealment of a material fact has taken place, a party is entitled to conduct a jury interview.” Singletary v. Lewis, 584 So.2d 634, 636 (Fla. 1st DCA 1991). Allegations in the motion for interview cannot be “bottomed on mere conelusory statements based on speculation and surmise that, if interrogated, the jurors might have something to say that would be material to whether or not the court should award a new trial.” Albertsons, Inc. v. Johnson, 442 So.2d 371, 372 (Fla. 2d DCA 1983).
Instead, post-trial jury inquiry is permissible only when “the moving party has made sworn factual allegations that, if true, would require a trial court to order a new trial.” Baptist Hosp. of Miami, Inc. v. Maler, 579 So.2d 97, 100 (Fla.1991). When the basis of a request for post-trial juror interviews- is a juror’s nondisclosure of information during voir dire, the motion should demonstrate entitlement to a new trial under the three-part test of De La Rosa v. Zequeira:
First, the complaining party must establish that the information is relevant and material to jury service in the ease. Second, that the juror concealed the information during questioning. Lastly, that the failure to disclose the information was not attributable to the complaining party’s lack of diligence. 659 So.2d 239, 241 (Fla.1995) (citing Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379, 380 (Fla. 2d DCA 1972)).
Here, the Rodgers’ motion failed to demonstrate that, if their allegations were true, they would be entitled to a new trial because the Rodgers’ attorney’s questioning of the jurors was imprecise and not designed to elicit the type of information that was supposedly concealed. Thus, the Rodgers’ motion did not satisfy the third part of the De La Rosa test; the failures to disclose were “attributable to the complaining party’s lack of diligence.” Id.
In order to establish concealment, the Rodgers were required to “ ‘[... ] demonstrate (among other things) that the voir dire question was straightforward and not reasonably susceptible to misinterpretation.’ ” Gamsen v. State Farm Fire & Cas. Co., 68 So.3d 290, 294 (Fla. 4th DCA 2011) (quoting Birch v. Albert, 761 So.2d 355, 360 (Fla. 3d DCA 2000)). A juror’s response to a question cannot constitute concealment entitling a movant to a jury interview “ ‘[... ] where the juror’s response ... about litigation history is ambiguous, and counsel does not inquire further to clarify that ambiguity.” Id. (quoting Birch, 761 So.2d at 358).
Juror # 9’s disclosure that he had previously been in court triggered only the follow-up question as to whether that experience involved a “civil matter.” The juror’s identification of the matter as “traffic” was not inconsistent with the later discovery of the two stale misdemeanors, which might have been unearthed had counsel asked a follow-up question. There was no indication that the litigation experience of the remaining jurors involved what the jurors understood to be court proceedings, as most litigation is resolved without a trip to court. Nor was there any indication that three of the jurors had been sued for breach of contract or promissory note, *46 the only type of civil case about which the jurors were specifically asked.
As to the juror with a common name, there was insufficient proof that she was the same person who was involved in all of the prior civil cases. See Sterling, 980 So.2d at 599 (“If the concealment by a juror occurred during voir dire questioning about the juror’s prior experiences with litigation, the identity of the juror as a litigant in a prior legal proceeding must be shown.” (citation omitted)). And, if she was the same person involved in the mortgage foreclosures, there was no showing that her involvement in such a case arose from the breach of a promissory note, as opposed to a tenancy. A differently phrased question may well have resulted in disclosure.
For these reasons, we affirm the circuit court’s denial of the motion to interview the jurors.[1] We have considered the other issues raised and find no error; in particular, there was no irregularity in the way the verdict was returned that justifies post-trial jury interviews. If there are no bases for such interviews, there can be no basis for a new trial due to juror nondisclosure. See Davis v. State, 778 So.2d 1096, 1097 (Fla. 4th DCA 2001).

Affirmed.

MAY, C.J., and WARNER, J., concur.

. We do not reach the issue of whether the undisclosed information was relevant and material to jury service in this case.