PER CURIAM.
The trial court’s order granting a new trial in this case is affirmed on the ground the juror was stricken absent a jury interview. See De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995) (delineating three-part test to determine whether a juror’s nondisclosure of information during voir dire warrants a new trial); Simon v. Maldonado, 65 So.3d 8, 10 (Fla. 3d DCA 2011) (“[T]he mere possibility that a juror was involved in prior claims does not show in and of itself that his point of view was affected so as to deprive the defendant of a fair and impartial trial.”); Pereda v. Parajon, 957 So.2d 1194, 1197 (Fla. 3d DCA 2007) (stating appellate court reviews an order granting a motion for new trial based on juror nondisclosure for an abuse of discretion); Tripp v. State, 874 So.2d 732, 734 (Fla. 4th DCA 2004) (holding denial of new trial based on juror’s failure to disclose relationship with the defendant and his family was error absent a jury interview).
Affirmed.