GROSS, J.
The plaintiff in the underlying tobacco litigation seeks certiorari review of a trial court order allowing a post-verdict interview of the jury foreperson.[1] We deny the petition finding that the limited inquiry scheduled by the judge does not depart from the essential requirements of law.
The plaintiff obtained a jury verdict for over $300 million in damages. The trial court remitted the damages to about $36 million, but on appeal, this court remanded for a new trial on damages. Philip Morris USA, Inc. v. Naugle, 103 So.3d 944, 948 (Fla. 4th DCA 2012). On October 16, 2013, a jury rendered a new verdict awarding about $11.2 million in damages. The court entered a final judgment on October 17, 2013.
On October 23, 2013, the trial court issued an order explaining that the jury foreman had left a voicemail message at the judge’s office on either October 17 or 18. In the voicemail, the foreman stated: “I received a text from one of the jurors ... on the case last night and ... I didn’t like the information that ... I got from him — because ... something was done wrong ... by them during the process of the trial.” In the message, the foreman asked to speak with the judge. The court’s order memorialized this communication and prohibited any contact with the *1237 jurors by the parties, their representatives, or counsel.
On October 24, 2013, Philip Morris filed an emergency motion to interview jurors and preserve the text message. The plaintiff objected, arguing that the motion was too speculative to require an interview. The court granted the motion to preserve the text message. The plaintiff passed away, and the proceedings were delayed until a personal representative was appointed.
On January 4, 2014, the court entered the order challenged here. The court ordered the foreperson to appear in court and bring his cell phone so the judge could review the text message in camera. Based on the contents of the text message, the judge could ask questions of the foreperson. The court deferred ruling as to whether other jurors would be interviewed. The order prohibits the parties from directly asking questions but allows them to submit proposed questions in writing which the court may ask depending on the contents of the text message.
The court granted a motion to stay, and the order on review is stayed pending the outcome of this proceeding.
Petitioner argues that the requirements for a juror interview under rule 1.431(h) are not met because the voicemail message from the foreperson is too abstract. The rule provides:
(h) Interview of a Juror. A party who believes that grounds for legal challenge to a verdict exist may move for an order permitting an interview of a juror or jurors to determine whether the verdict is subject to the challenge. The motion shall be served within 10 days after rendition of the verdict unless good cause is shown for the failure to make the motion within that time. The motion shall state the name and address of each juror to be interviewed and the grounds for challenge that the party believes may exist. After notice and hearing, the trial judge shall enter an order denying the motion or permitting the interview. If the interview is permitted, the court may prescribe the place, manner, conditions, and scope of the interview.
Id. The motion was timely in this case although the court’s ruling was delayed by the plaintiffs death.
The Florida Evidence Code prohibits inquiry of a juror regarding any matter which “inheres in the verdict.” § 90.607(2)(b), Fla. Stat. (2013) (“Upon an inquiry into the validity of a verdict or indictment, a juror is not competent to testify as to any matter which essentially inheres in the verdict or indictment.”).
Courts have clarified that a juror may be questioned only about overt prejudicial acts: “To the extent an inquiry will elicit information about overt prejudicial acts, it is permissible; to the extent an inquiry will elicit information about subjective impressions and opinions of jurors, it may not be allowed.” Baptist Hosp. of Miami, Inc. v. Maler, 579 So.2d 97, 99 (Fla.1991).
An inquiry is not permitted unless the moving party has made sworn factual allegations that, if true, would require a trial court to order a new trial using the standard adopted in State v. Hamilton, 574 So.2d 124 (Fla.1991), and Baptist Hospital of Miami, Inc. v. Maler, 579 So.2d 97 (Fla.1991). Under the Hamilton standard, the moving party must first establish actual juror misconduct. The movant is entitled to a new trial unless the opposing party can demonstrate that there is no reasonable possibility that the juror misconduct affected the verdict. Hamilton, 574 So.2d at 129. Although certain acts, for example, *1238 private communications, contact, indirect or direct tampering with a jury, raise a presumption of prejudice, Remmer v. United States, 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954), not all misconduct raises the presumption. If the misconduct is such that it would probably influence the jury, and the evidence in the cause is conflicting, the onus is not on the accused to show he was prejudiced, for the law presumes he was. Not all misconduct, however, will vitiate a verdict even though that conduct is improper. It is necessary to show that prejudice resulted or that the misconduct was of such character as to raise a presumption of prejudice. Amazon v. State, 487 So.2d 8 (Fla.1986); see also Russ v. State, 95 So.2d 594 (Fla.1957). In other words, potentially harmful misconduct is presumptively prejudicial, but the defendant has the initial burden of establishing a prima facie case that the conduct is potentially prejudicial. Amazon, 487 So.2d at 11-12.
Nationwide Mut. Fire Ins. Co. v. Tucker, 608 So.2d 85, 88 (Fla. 2d DCA 1992).
The foreperson’s voice message here does not establish any “actual misconduct” that could amount to an overt prejudicial act. The message intimates that, in the foreperson’s view, a text message from another juror showed “something was done wrong.” Petitioner is correct that the voice message is vague as to any alleged juror misconduct and also correct that the motion for juror interviews was not supported by affidavit.
However, the trial court has not ordered a full-blown interview of the jury. The court has ordered only a limited inquiry to review the text message that the foreperson received. Presumably, no further questions will be asked if the text message does not meet the standard for ordering a juror interview. This limited in camera inquiry concerning the text message does not invade the sanctity of jury deliberations. As the court concluded in its well-reasoned order, “[a] party requesting a jury interview does not have to conclusively establish that the alleged juror misconduct occurred and prejudiced their case, but only that a legal basis for the inquiry exists.” Singletary, By & Through Barnett Banks Trust Co., N.A. v. Lewis, 584 So.2d 634, 636 (Fla. 1st DCA 1991) (citations omitted).
Further, contrary to the plaintiffs argument, sworn testimony from counsel or a party is not necessary, as the information forming the basis for the court’s order came directly to the court. The plaintiff confuses a court-ordered compulsory juror interview on the motion of a party with a voluntary juror interaction with the judge. Here, the party was not the one who initiated contact with the juror. It was the foreman who contacted the judge. The court has taken the initiative and plans to conduct what amounts to a “preliminary” interview in order to establish whether further inquiry is necessary. The court acted within its discretion in finding a legal basis to inquire of the foreperson in this limited manner.
Rule 1.431(h) is not intended to be used as a sword to prevent jurors from contacting the court to reveal misconduct. The rule is a shield to prevent disgruntled parties and attorneys from harassing jurors after a verdict. In a civil case, a party seeking to contact a juror must file a 1.431(h) motion. See Walgreens, Inc. v. Newcomb, 603 So.2d 5, 6 (Fla. 4th DCA 1992) (reversing order granting new trial where evidence of juror misconduct was obtained by lawyer in violation of the rule); see also R. Reg. Fla. Bar 4-3.5(d)(4) (prohibiting lawyers from initiating communications with jurors post-trial except when *1239 there is reason to believe grounds may exist to challenge verdict and requiring notice to opposing party and judge).
Importantly, the rule does not prohibit a juror from speaking out about misconduct or voluntarily communicating the misconduct to the judge. Here, soon after the verdict, the foreperson asked to speak with the judge about something “wrong” that occurred during the trial. The plaintiff seeks to pervert the purpose of the rule to prevent any inquiry into potential misconduct.
The plaintiff argues that the order invades the privacy of the juror. However, the foreman subject to the order at issue directly contacted the judge’s office to raise his concerns regarding the text message. He wants to talk.
This is in stark contrast to the situation in Schmitz v. S.A.B.T.C. Townhouse Ass’n, 537 So.2d 130 (Fla. 5th DCA 1988), where certiorari was granted to preclude a juror interview. In Schmitz, no juror initiated contact with the court. Rather, a person who knew one of the jurors told an attorney involved in the lawsuit that the juror had said he felt pressured into reaching a quick decision. Id.
The court did not depart from the essential requirements of law under the facts of this case. At this point, the court has done nothing more than allow the juror to reveal the text message.

The petition for writ of certiorari is denied.

CIKLIN and GERBER, JJ., concur.

. Certiorari has been used to review and quash such orders. E.g., Baptist Hosp. of Miami, Inc. v. Maler, 579 So.2d 97, 99 (Fla.1991); Schmitz v. S.A.B.T.C. Townhouse Ass’n, 537 So.2d 130, 131 (Fla. 5th DCA 1988).