DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARY BARRIOS,**
Appellant,

v.

**DENISE LOCASTRO,**
Appellee.

No. 4D13-861

[May 20, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lucy Chernow Brown, Judge; L.T. Case No. 502009CA007046 XXXXMB AH.

Warren Kwavnick of Cooney Trybus Kwavnick Peets, and Michele McCaul Ricca and John H. Richards of Boyd Richards Parker & Colonnelli, P.L., Fort Lauderdale, for appellant.

Nichole J. Segal and Andrew A. Harris of Burlington & Rockenbach, P.A., and David J. Glatthorn of David J. Glatthorn, P.A., West Palm Beach, for appellee.

STEVENSON, J.

Appellant, Mary Barrios, challenges a final judgment finding her 25% and appellee, Denise Locastro, 75% at fault for a car accident. We find the trial court did not abuse its discretion in denying appellant's motion for a new trial with regard to the issues not predicated on juror concealment. We conclude, however, that the trial court abused its discretion in denying appellant's motion for a juror interview. We reverse and remand accordingly.

*Facts*
As a result of a car accident between appellant, defendant below, and appellee, plaintiff below, appellee sustained neck injuries requiring surgery. Appellee's initial surgery resulted in an unsuccessful "nonunion." Her second surgery was successful. Appellee brought this negligence suit against appellant, seeking to recover damages she incurred as a result of the car accident.

During voir dire, the jury panel was asked the following questions:

> Have any of you or [an] immediate family member ever been a plaintiff in a lawsuit where you or they were seeking to recover money because you or the family member had been injured which we haven't talked about?

> Please raise your hand if either you or an immediate family member, close friend, partner have ever made a claim to recover money damages from someone because they had been injured without a lawsuit being filed.

The prospective jurors were also asked whether any close family member had been diagnosed with a herniated disc or whether any family members had ever made a claim to recover Social Security disability benefits. Juror Diaz did not respond to any of these questions and was selected to serve on the jury.

Appellant exhausted all three of her peremptory challenges. One was used on Ms. Johnson, who disclosed during voir dire that she had been involved in an accident that had resulted in a lawsuit and eventual settlement. Another was used on Ms. Tolker, whose partner had brought a lawsuit years prior due to an injury to her hand. Two jurors who served on the jury, Jurors Pomarico and Hawes, each had family members who had been involved in car accidents.

After the verdict was rendered, an investigation revealed that Juror Diaz's mother was currently a plaintiff in a slip-and-fall lawsuit and that Juror Diaz was listed as a possible witness in her mother's case. Additionally, her mother had undergone surgery on her spine as a result of the fall. The investigation also revealed that Juror Diaz's father had received Social Security disability benefits.

Appellant moved for a new trial and/or juror interview. Appellee's trial counsel agreed that appellant had made a preliminary showing to justify a juror interview. The trial court, however, denied appellant's motion, finding appellant failed to demonstrate how Juror Diaz's failure to disclose this information was material.

*Analysis*

"The standard of review for an order on a motion for juror interviews is abuse of discretion." *Sterling v. Feldbaum*, 980 So. 2d 596, 598 (Fla. 4th DCA 2008) (citing *Marshall v. State*, 976 So. 2d 1071 (Fla. 2007)). Florida

Rule of Civil Procedure 1.431(h) provides:

> A party who believes that grounds for legal challenge to a verdict exist may move for an order permitting an interview of a juror or jurors to determine whether the verdict is subject to the challenge.

While trial courts should be hesitant to grant motions for post-trial juror interviews, "'[w]here there are reasonable grounds to believe concealment of a material fact has taken place, a party is entitled to conduct a jury interview.'" *Sterling*, 980 So. 2d at 599 (quoting *Singletary v. Lewis*, 584 So. 2d 634, 636 (Fla. 1st DCA 1991)). "'Materiality is only shown where the omission of the information prevented counsel from making an informed judgment—which would in all likelihood have resulted in a peremptory challenge.'" *Duong v. Ziadie*, 125 So. 3d 225, 227 (Fla. 4th DCA 2013) (quoting *State Farm Fire & Cas. Co. v. Levine*, 837 So. 2d 363, 365 (Fla. 2002)). We find that standard is met here.

The information Juror Diaz concealed about her mother's lawsuit was material. It pertained to a lawsuit similar enough to the instant case that not knowing this information prevented appellant's trial counsel from making an informed decision. Appellant exhausted two of her peremptory challenges on potential jurors who had histories similar to that of Juror Diaz. *See Hillsboro Mgmt., LLC v. Pagono*, 112 So. 3d 620, 622–23 (Fla. 4th DCA 2013) (reversing and remanding for a juror interview in a negligence case after a post-verdict investigation revealed a juror concealed his prior litigation history, which involved "a domestic violence injunction, several foreclosures, and civil damage suits"); *Sterling*, 980 So. 2d at 598 (reversing and remanding for juror interviews in a medical negligence case where three jurors concealed material information, including one who concealed information about a federal tax lien and another who failed to disclose that he had a civil collection judgment).

On this basis, we reverse and remand for the trial court to conduct the requested interview. Thereafter, the trial court can determine whether appellant is entitled to a new trial on this issue.

*Reversed and remanded in part; affirmed in part.*

CIKLIN and KLINGENSMITH, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

3