DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PHILIP MORRIS USA, INC.,**
Appellant,

v.

**JAMES NAUGLE,** as Personal Representative of the
**ESTATE OF LUCINDA NAUGLE**, deceased,
Appellee.

No. 4D14-1852

[January 6, 2016]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jack B. Tuter, Judge; L.T. Case No. 2007-CV-036736 (19).

Joseph H. Lang, Jr. of Carlton Fields Jorden Burt, P.A., Tampa, and Lauren R. Goldman of Mayer Brown LLP, New York, New York, for appellant.

Richard B. Rosenthal of The Law Offices of Richard B. Rosenthal, P.A., Miami, and Robert W. Kelley, John J. Uustal and Todd R. McPharlin of Kelley Uustal, PLC, Fort Lauderdale, for appellee.

PER CURIAM.

This is the third appearance of this case in this court. *See Philip Morris USA, Inc. v. Naugle*, 103 So. 3d 944 (Fla. 4th DCA 2012) ("*Naugle* I"); *Naugle v. Philip Morris USA, Inc.*, 133 So. 3d 1235 (Fla. 4th DCA 2014) (*Naugle* II). In *Naugle* I, we affirmed on the issue of liability, but reversed for "a new trial on the issue of damages." 103 So. 3d at 949.

After the retrial on damages, the court interviewed the jury foreperson. The interview disclosed that, after the return of the verdict in the damages retrial, the foreperson received a text message from a second juror which indicated that, over the weekend before the verdict, the second juror had googled the previous verdict in the case. Receipt of non-record information concerning the amount of the prior verdict is an overt act "'which *might* have prejudicially affected the jury in reaching their own verdict.'" *Baptist Hosp. of Miami, Inc. v. Maler,* 579 So. 2d 97, 99 (Fla. 1991) (*quoting* §

90.607(2)(b), Fla. Stat. Ann. (1987) (Law Revision Council Note-1976)); *see also City of Winter Haven v. Allen*, 589 So. 2d 968, 969 (Fla. 2d DCA 1991). The existence of the text message from the second juror established reasonable grounds to believe that some juror misconduct occurred, which constitutes a legal basis for an interview of the second juror. *See Sterling v. Feldbaum*, 980 So. 2d 596, 599 (Fla. 4th DCA 2008). We therefore remand for the trial court to conduct an interview of the second juror.

We have considered the other issues raised by appellant and find no reversible error. On the cross-appeal, the appellee waived the comparative fault issue by failing to cross-appeal that point in *Naugle* I. *See Airvac, Inc. v. Ranger Ins. Co.*, 330 So. 2d 467, 469 (Fla. 1976). We also note that appellee failed to lodge a specific objection as to the application of comparative fault at the retrial.

*Affirmed in part, reversed in part, and remanded.*

GROSS, GERBER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2