IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WESTGATE PALACE, LLC,

      Appellant,

v.

Case No.  5D16-1503

KRISTEN PARR and THOMAS PARR,

      Appellees.

_____/

Opinion filed April 13, 2017

Appeal from the Circuit Court
for Orange County,
Janet C. Thorpe, Judge.

Art C. Young, Isaac R. Ruiz-Carus and
Meredith M. Stephens, of Rissman,
Barrett, Hurt, Donahue, McLain & Mangan,
P.A., Orlando, for Appellant.

Sage Morris-Webster and Ronald S.
Webster, of Webster Law Group, Orlando,
for Appellees.

WALLIS, J.

      Westgate Palace, LLC ("Westgate"), appeals the final judgment rendered in favor

of Kristen Parr and Thomas Parr following a jury trial. After trial, the trial court denied

Westgate's motions seeking a juror interview and a new trial. We reverse the trial court's

order denying Westgate's motion to interview a juror. We also reverse the trial court's

order denying Westgate's motion for a new trial with instructions to reconsider that motion following the juror interview.

In June 2012, Mrs. Parr traveled to Orlando to attend a convention at the Orange County Convention Center. Mrs. Parr was staying at the Westgate Palace Hotel, a facility owned and operated by Westgate. At approximately 7:30 p.m. on June 6, Mrs. Parr left her hotel room and was walking through the lobby towards the main exit when she slipped in a puddle of water and fell. X-rays later showed that Mrs. Parr fractured her kneecap in the fall. Mrs. Parr underwent surgery, which required the placement of several screws in her knee. The Parrs then filed a complaint against Westgate for negligence and loss of consortium.

The case proceeded to a jury trial on February 29, 2016. Before participating in the voir dire process, each member of the venire filled out a juror questionnaire. When voir dire began, the venire-members took an oath to tell the truth, and the trial court gave each potential juror the option of providing their answers privately. The questionnaire included the following two questions that are relevant to this appeal:

> Have you or any member of your immediate family been party to any law suit?

> Have you or any member of your family been accused, a complainant, or a witness in a criminal case?

Juror 121 answered "no" to both questions. During questioning, some of the potential jurors, but not Juror 121, were asked if they had been involved in any prior lawsuits. Juror 121 was also the only juror who admitted to being excited about receiving the jury duty notice, stating:

2

[Juror 121]: First, thing, I only see this on TV and it's great to serve, you know, just to be a servant and do something to help.

[The Parrs' Counsel]: That's wonderful.

[Juror 121]: Whatever you need, you know, it's just a part that I just always wanted to be a part of, yeah.

Juror 121 also acknowledged that she had lived in Dallas, Texas, and had resided in Orange County, Florida for only the last five years. Ultimately, the parties picked a six-member jury, which included Juror 121.

The jury found Westgate forty-five percent negligent and Mrs. Parr fifty-five percent negligent. The jury awarded Mrs. Parr a total of $396,725.62, including $10,000 for past lost earnings, $61,726.62 in past medical expenses, $125,000 in future medical expenses, $150,000 for past pain and suffering, and $50,000 for future pain and suffering. The jury awarded Mr. Parr $7500, including $3750 in past loss of consortium and $3750 in future loss of consortium.

After trial, Westgate filed motions to interview Juror 121 and for a new trial. In its motion to interview Juror 121, Westgate noted that the jurors swore an oath to fill out the juror questionnaire and answer voir dire questions truthfully, and that Juror 121 did not raise her hand during voir dire when the panel was asked whether they had been involved in any civil or criminal cases. Westgate alleged that its post-trial investigation revealed an extensive legal history for Juror 121, including twenty felony and misdemeanor charges for various drug possession and theft offenses dating from 1977 through 1995, a 1999 civil traffic infraction, and a 2004 Kansas tax warrant. Westgate alleged that Juror 121 had been convicted on seven criminal charges, four of which resulted in her incarceration. Westgate also alleged that Juror 121 filed for bankruptcy in 2005 and was involved in a

3

divorce case in Kansas in 2004.[1] Finally, Westgate claimed that Juror 121 dishonestly stated in her questionnaire that she had lived in Orange County, Florida for only five years when she had actually resided there from 1977 through 1999, before returning in 2005 and filing for bankruptcy. Westgate argued that Juror 121's concealment of her past criminal and civil litigation prevented it from making an informed decision as to whether to exercise a peremptory challenge. Westgate also claimed that Juror 121 neglected to correct her questionnaire despite being given the opportunity. Attempting to link Juror 121's alleged concealment with the merits of its case, Westgate noted that a major theme of its case concerned alleged false representations by Mrs. Parr about her cellphone usage at the time of the slip and fall incident. The trial court denied Westgate's motions to interview Juror 121 and for a new trial.

We review orders rendered by the trial court disposing of motions for juror interviews for an abuse of discretion. Barrios v. Locastro, 166 So. 3d 863, 865 (Fla. 4th DCA 2015). Florida Rule of Civil Procedure 1.431(h) permits a party to request an interview with a juror within ten days after the verdict if the party believes there are grounds for a legal challenge to the verdict. A trial court should grant a juror interview only when the motion contains sworn factual allegations that, if proven, would warrant a new trial. Egitto v. Wittman, 980 So. 2d 1238, 1240 (Fla. 4th DCA 2008). "While trial courts should be hesitant to grant motions for post-trial juror interviews, '[w]here there are reasonable grounds to believe concealment of a material fact has taken place, a party is entitled to conduct a jury interview.'" Barrios, 166 So. 3d at 865 (alteration in original) (quoting Sterling v. Feldbaum, 980 So. 2d 596, 598 (Fla. 4th DCA 2008)).

---

[1] Juror 121 disclosed her divorce on the juror questionnaire.

4

Trial courts apply a three-part test when ruling on a motion to interview a juror:

> First, the complaining party must establish that the information is relevant and material to jury service in the case. Second, that the juror concealed the information during questioning. Lastly, that the failure to disclose the information was not attributable to the complaining party's lack of diligence.

De La Rosa v. Zequeira, 659 So. 2d 239, 241 (Fla. 1995) (citing Skiles v. Ryder Truck Lines, Inc., 267 So. 2d 379, 380 (Fla. 2d DCA 1972)). Materiality means that "the omission of the information prevented counsel from making an informed judgment—which would in all likelihood have resulted in a peremptory challenge." Barrios, 166 So. 3d at 865 (quoting Duong v. Ziadie, 125 So. 3d 225, 227 (Fla. 4th DCA 2013)). Although all litigation history is relevant, materiality and remoteness depend on the facts of each case. Egitto, 980 So. 2d at 1240; Leavitt v. Krogen, 752 So. 2d 730, 733 (Fla. 3d DCA 2000).

We find that the trial court abused its discretion in denying Westgate's motion to interview Juror 121. Westgate's post-trial research allegedly revealed twenty criminal cases against Juror 121; seven resulted in convictions, of which four resulted in a period of her incarceration. Juror 121's alleged concealment of her past, combined with her enthusiasm to serve as a juror, deprived Westgate of the opportunity to make an informed judgment about its use of a peremptory challenge. See De La Rosa, 659 So. 2d at 241; Leavitt, 752 So. 2d at 732-33. Furthermore, unlike Egitto, where the party questioned the juror on some, but not all, of the juror's litigation history, Westgate had no indication that Juror 121 had any litigation history, and thus it had no reason to question her regarding her attitude towards the courts or her concept of justice. Cf. 980 So. 2d at 1240.

We reject the Parrs' argument that Westgate did not exercise diligence during voir dire because its questions were too imprecise to elicit a response from Juror 121. We find

5

that this argument lacks merit because Juror 121's questionnaire and her responses during jury selection gave Westgate's attorney no reason to delve further into her litigation or criminal history. See Taylor v. Magana, 911 So. 2d 1263, 1270 (Fla. 4th DCA 2005). The trial court informed the potential jurors that they should answer questions posed to others if those questions were relevant to them as well. Westgate's counsel had nothing to work with regarding past litigation or criminal history for Juror 121.

We reverse the trial court's order denying Westgate's motion to interview Juror 121 and remand with instructions to conduct the requested interview. Thereafter, the trial court must apply the De La Rosa factors to determine whether Westgate is entitled to a new trial. Because the trial court may ultimately award a new trial in this case, we find it premature to rule on the remaining issues. Accordingly, we stress that our reversal is without prejudice to Westgate re-raising those issues in the event that the trial court does not award Westgate a new trial.

REVERSED and REMANDED with Instructions.

TORPY and LAMBERT, JJ., concur.

6