WINOKUR, J., concurring in part and concurring in result only. I concur in the majority opinion with respect to all issues except the juror misconduct issue. With regard to the juror misconduct issue, I concur in result only. In their Motion for Rehearing En- Banc or Certification to the Florida Supreme Court, Appellants argue that the decision here “establishes an unreasonable standard for uncovering juror bias that would turn voir dire into a long series of hostile questions by counsel worried about being faulted for displaying insufficient precision and diligence.” This argument has impelled me to explain why I vote to affirm with regard to the juror concealment issue. Prospective jurors were asked by questionnaire for their “opinion, if any of cigarette companies.” Juror Taylor gave a bland response: “they are a- business,” a fact'rather ' than an opinion.-After trial started,- Appellants uncovered social media postings from Taylor that reflected antagonism toward tobacco companies. One of these messages was five and- one-half years old, and the other was posted five months prior to trial. Appellants’ argument, and the dissenting opinion, rests sqüárely on the presumption that the posts reflected precisely the opinions of Taylor at the time of jury selection. And because those opinions-are inconsistent with Taylor’s answers at jury selection, Appellants conclude that he was guilty of concealing his “true opinions” of tobacco companies. Experience concerning personal opinions belies this argument. Even if these messages accurately reflected Taylor’s opinion at the time he wrote them, nothing shows that they reflected his views at the time of trial, other than a presumption that his opinion was unchanged. “The foolish and the dead alone never change their opinion.” James Russell Lowell, My Study Windows 166 (Boston: J.R. Osgood & Company 1874). . For this reason, I cannot subscribe to the view that cases where a. prospective juror has given false factual information during jury selection control here. For instance, the jurors in De La Rosa v. Zequeira, 659 So.2d 239 (Fla. 1995), were asked whether they or family members or close friends had been a party to a lawsuit. The answer to this question is either “yes” or “no,” and the answer is either true or false. A prospective juror who fails to answer this question truthfully is guilty of concealment. I respectfully disagree with the dissent that the question, “[w]hat, if any, opinion do you have of cigarette companies[?],” .is so “simple” and “straightforward” that it necessarily calls for the same type of certain, verifiable answer as the one to the question about prior lawsuits. I do not believe we should presume, as Appellants do, that any past, expression of opinion necessarily reflects a “true, opinion” and that, anything contrary to that past expression constitutes concealment of that true opinion. The dissent finds the request for an opinion about tobacco companies to be a “simple, straightforward question” that “[e]ven grade-schoolers understand.” Infra at 695-96. To demonstrate, the dissent proposes responses to opinion inquiries such as “I love my job” or “I hate the Gators.” I do not share the dissent’s contention that personal opinions can always be expressed with such simplicity and certainty. It leaves no room for mixed feelings, evolving views, or even the possibility that a person might be more circumspect in expressing his opinions when giving sworn answers in jury selection than he is writing Facebook posts. A juror can certainly be-dismissed for concealing an opinion during jury selection. But dredging up past communications, declaring them “true opinion,” and comparing the past communication with answers at jury selection does not necessarily demonstrate concealment. The surest way to determine whether Taylor continued to hold the views expressed in the online messages would have been to ask him. Appellants never asked to interview Taylor after they discovered his messages. Instead, they asked this Court to presume that the opinions expressed in these prior messages reflected Taylor’s views at the time of trial, and then fault him for concealing those views.[8] I am unwilling to make this presumption. Florida Rule of Civil Procedure 1.431(h) permits post-verdict juror interviews when the party has grounds for a legal challenge to a verdict. “Where there are reasonable grounds to believe concealment of a material fact has taken place, a party is entitled to conduct a jury interview.” Singletary v. Lewis, 584 So.2d 634, 636 (Fla. 1st DCA 1991). A court abuses its discretion in denying a juror interview when a party comes forward with information that a juror concealed relevant information at jury selection. See e.g. Westgate Palace, LLC v. Parr, 216 So.3d 747 (Fla. 5th DCA 2017). While Rule 1.431(h) specifically refers to post-verdict interviews, this procedure should have been employed here. See Villalobos v. State, 143 So.3d 1042, 1046 n.5 (Fla. 3d DCA 2014) (“In the more common scenario, the juror’s nondisclosure of information is not discovered until after the trial, resulting in a motion for new trial. Here, the nondisclosure was . discovered during the trial itself, and the issue is whether the court erred in not dismissing the juror upon discovery of the undisclosed information. Under either scenario, however, the analysis remains the same.”). I find Appellants’ failure to attempt to confront Taylor after they discovered those online messages far more relevant in affirming the trial court than their failure to question him more thoroughly at voir dire.[9] In order to allay any concerns that the opinion here places additional burdens on litigants during jury selection to uncover bias, I do not join Judge Bilbrey’s opinion on this issue. I do, however, vote to affirm on all issues. . Of course, one can argue based on the available circumstantial evidence that Taylor’s questionnaire answers did in fact conceal his "true opinion.” But given the capricious nature of personal opinions, a party asserting that new information casts doubt on a juror's expression of opinion at jury selection should be required to interview the juror. . I recognize that the trial court did not rely on this basis in denying Appellants’ motion to dismiss Taylor, but we are obligated to affirm "if there is any basis which would support the judgment in the record.” Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla. 1999). And the fact that Allen has never made this argument on appeal does not alter this conclusion. See State v. Pitts, 936 So.2d 1111, 1133 (Fla. 2d DCA 2006) (explaining that "tipsy-coachman” rule applies “even if the specific basis for affirmance has not been articulated by the appellee”).